# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

UNITED STATES OF AMERICA

v.  No. 5:18-cr-53-BJB

DANNY LEE REVLETT

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Danny Lee Revlett is serving a 180-month prison sentence for conspiracy to distribute and possession with the intent to distribute methamphetamine. Citing Covid-related health concerns, Revlett seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Release is also appropriate, he maintains, due to underlying defects in his sentence. But because he neither shows that extraordinary and compelling reasons warrant his release, nor explains why release is appropriate under the § 3553(a) factors, the Court denies his motion.

## I.

Law-enforcement officers arrested Revlett after learning that he had been supplying drug dealers with 30 to 40 pounds of methamphetamine per month.[1] Presentence Investigation Report (DN 39) at 6. A grand jury returned a three-count indictment charging Revlett with distribution-related offenses. Indictment (DN 1). Revlett later pled guilty to conspiracy to distribute and possession with the intent to distribute methamphetamine. *See* Plea Agreement (DN 28); Fed. R. Crim. P. 11(c)(1)(C). Those crimes carry a maximum sentence of life in prison. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. And given Revlett's criminal history, they produced a sentencing-guideline range of 292 to 365 months' imprisonment. PSR at 20. The Court ultimately accepted the parties' plea agreement and sentenced Revlett to 180 months' imprisonment and five years of supervised release. *See* Judgment (DN 50). Revlett currently resides at the Federal Medical Center in Butner, North Carolina.

---

[1] The Court ultimately held Revlett responsible for four pounds of actual methamphetamine and four kilograms of a mixture of methamphetamine. PSR at 7. The Court adopted the PSR without change. *See* Statement of Reasons (DN 52).

1

Having served less than a third of his sentence, Revlett now moves *pro se* for compassionate release under § 3582(c).[2] Motion for Compassionate Release (DN 81).

## II.

A district court must employ a "three-step inquiry" before granting a compassionate-release motion under § 3582(c)(1)(A). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors."[3] *United States v. McCall*, No. 21-3400, --- F.4th ----, 2022 WL 17843865, at *4 (6th Cir. Dec. 22, 2022) (en banc) (quotations omitted). Those factors include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

---

[2] Revlett also has filed a related motion asking the Court to "save [his] life." DN 91. That motion states that he has Covid-19 and that Federal Medical Center-Butner's "staff will not provide any cure." *Id.* at 1. As to relief, Revlett's motion simply asks, "will you help?" *Id.* Revlett motion doesn't specify the help this Court might supply, much less any legal basis to grant it. So it fails to comply with Federal Rule of Civil Procedure 7(b)(1), which requires a motion to "state with particularity the grounds for seeking the order" and the "relief sought." That would be enough reason to deny the motion, no matter the merit of his underlying health issues or legal contentions. *See Metyk v. KeyCorp*, 560 F. App'x 540, 543 (6th Cir. 2014). Regardless, Revlett's medical records state that he is now "asymptomatic." *See* Opposition (DN 93); Sealed Records (DN 95) at 227. This appears to rebut Revlett's assertion that his life is in danger, and Revlett says nothing to the contrary in reply. In any event, this motion largely duplicates his compassionate-release motion, so the Court denies it for the same reasons set forth in this opinion.

[3] A prisoner also must exhaust any available administrative remedies before filing a motion for compassionate release. *See* § 3582(c)(1)(A). That is, he must at least submit a compassionate-release request first to the warden—even though recent changes in federal law allow a prisoner to proceed to court even if the warden fails to act. *See United States v. McCall*, No. 21-3400, --- F.4th ----, 2022 WL 17843865, at *1 (6th Cir. Dec. 22, 2022). "[A]n imprisoned person" may exhaust his remedies in two ways: he "may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Revlett appears to have exhausted his administrative remedies by waiting at least thirty days after the warden received his request, and the Government does not contend otherwise. *See* Motion at 2–3; Response (DN 85) at 3.

"As of today, the Sentencing Commission has not adopted a policy statement that applies when a 'defendant (as opposed to the Bureau of Prisons) files' a motion." *McCall*, --- F.4th ----, 2022 WL 17843865, at *4 (quotation omitted). So with defendant-filed motions, like Revlett's, courts may "skip step two." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (quotation omitted). "If either of the remaining prerequisites are lacking, [the] motion fails." *United States v. Roman*, No. 21-3718, 2022 WL 363866, at *2 (6th Cir. Jan. 7, 2022) (quotation omitted).

### III.

Revlett appears to assert that personal health concerns, combined with FMC Butner's response to the Covid pandemic, constitute extraordinary and compelling reasons for his release or a sentence reduction. *See* Motion at 4; Exhibit (DN 81-1) at 1. He also asks the Court to "correct" a "jurisdictional error" and "Rule 11 violation" regarding his 180-month sentence. Motion at 4–5. He doesn't explain what errors occurred, other than referring to an "enhanced sentence" and citing (without elaboration) "*Booker*" and "*Apprendi*." Motion at 4. These are not extraordinary and compelling reasons that warrant his release. And even if they were, Revlett's release would be inappropriate under the § 3553(a) factors.

### A. Extraordinary and Compelling

Section 3582(c) doesn't define "extraordinary and compelling." So "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative."[4] *Elias*, 984 F.3d at 519–20. "Of course, an 'extraordinary and compelling reason' is one that is unusual, rare, and forceful." *See McCall*, --- F.4th ----, 2022 WL 17843865, at *6. And given the ubiquity of vaccines, including for federal prisoners, pandemic-related health concerns rarely constitute "extraordinary and compelling" reasons that warrant release under the Sixth Circuit's precedents. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Revlett's motion doesn't establish that "extraordinary and compelling" reasons warrant his release. As to his health, his motion consists of a checked box stating that he has a serious medical condition, a functional or cognitive impairment, or deteriorating health that prevents him from providing self-care in his current environment, and that he isn't expected to recover from his condition. Motion at 4. But the submission doesn't explain what his medical condition actually is, or why it's extraordinary and compelling. And neither do his attached records. Revlett's failure to "provide any records in his motion to support that he has" serious medical conditions, or explain why they are severe, is enough to deny his "motion for

---

[4] That discretion is not limitless, of course. *See McCall*, --- F.4th ----, 2022 WL 17843865, at *5 ("[N]onretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief.").

3

compassionate release on this basis." *United States v. Tomes*, 990 F.3d 500, 504–05 (6th Cir. 2021) (cleaned up) (letters from prisoner's parents about his chronic asthma not enough); *Lemons*, 15 F.4th at 750 (failure to explain how hypothyroidism heightened Covid risk); *United States v. Biggs*, 858 F. App'x 916, 918 (6th Cir. 2021) ("obesity alone, without evidence of ill effects," was not enough to show a "high risk of having complications from COVID-19").

Although Revlett's motion failed to specify or substantiate his health concerns, the Government's response identifies a few of them in the course of explaining why they aren't extraordinary and compelling. The response, to which Revlett's medical records are attached, notes that Revlett suffers from COPD and mobility problems. *See* Response at 1, 6–7. COPD, according to the Centers for Disease Control and Prevention, places Revlett at higher risk for severe illness if he contracts Covid. But the Government contends that the BOP is adequately addressing Revlett's medical issues, and that he is able to perform his daily activities. Response at 6–7. And because Revlett offers "no evidence that his" medical conditions are "poorly managed in prison," the Court has no basis to conclude that he currently can't regulate his health or that it would improve outside of prison. *United States v. Gray*, 855 F. App'x 281, 283 (6th Cir. 2021) (no evidence that defendant couldn't manage obesity in prison); *see also United States v. Drummond*, 2022 WL 2661593, at *2 (6th Cir. Feb. 14, 2022) (prisoner had "not alleged" that his medical conditions were "not well-managed"). Revlett, moreover, is double vaccinated against Covid. *See* Sealed Medical Records (DN 87-1) at 255, 268. This, the Sixth Circuit has recognized, "substantially undermines his request for a sentence reduction." *Lemons*, 15 F.4th at 751 (Covid not extraordinary and compelling when vaccine available, regardless of prisoner's underlying medical conditions).

Revlett's motion also includes an "aff[i]davit" (quotation marks in the original) signed by him and several other inmates. It alleges that the FMC Butner staff "intentionally exposed inmates" to Covid, causing the "intentional death of at leas[t] 6 … patients." Exhibit at 1. It also states that "we all are in danger of dying from Co[vid] 19 and other actions by F.M.C. Butner staff." *Id.* While those allegations are troubling, Revlett offers no corroborating evidence that might show the allegations amount to proof of "extraordinary and compelling" reasons in support of release. And nothing apart from the "affidavit" indicates that FMC Butner hasn't adequately dealt with Covid. Indeed, the BOP reports that zero inmates and only four staff members at FMC Butner are currently infected. *See* COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 27, 2022). This is hardly a "severe COVID-19 outbreak.'" *Biggs*, 858 F. App'x at 917 (quoting *Elias*, 984 F.3d at 520). And again, "[a]ccepting the serious nature of [Revlett's] alleged medical conditions, [his] argument is foreclosed by [the Sixth Circuit's] recent holding that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.'" *Drummond*, 2022 WL 2661593, at *2 (third alteration in original) (quotations omitted). So neither Revlett's

4

health alone, nor his health conditions combined with the threat of Covid at FMC Butner, suffice to grant his motion.

Revlett's references to a "jurisdictional error" and "enhanced sentence" based on "*Booker*" and "*Apprendi*" aren't extraordinary and compelling reasons to reduce his sentence, either. *See* Motion at 4–5. He doesn't attempt to explain why those precedents establish the unlawfulness of his sentence; his motion simply attaches highlighted portions of the United States Sentencing Guidelines and a copy of his indictment. *Id.*; Exhibit at 5–13. No error is apparent from the included records and references. Courts are "not required to sift through" a defendant's "numerous attachments to look for evidence" in support of an argument. *Primm v. Department of Human Services*, No. 16-6837, 2017 WL 10646487, at *3 (6th Cir. Aug. 17, 2017). Nor should courts "create a claim" that the defendant "has not spelled out." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Moreover, a compassionate-release motion is not the ordinary way to challenge the lawfulness of an underlying prison sentence. As the Sixth Circuit recently reminded, "habeas is the appropriate place to bring challenges to the lawfulness of a sentence. And … we do not read 'extraordinary and compelling' to provide an end run around habeas." *McCall*, --- F.4th ----, 2022 WL 17843865, at *9.

In any event, by entering into a Rule 11(c)(1)(C) plea, Revlett *agreed* that 180 months' imprisonment was an appropriate sentence for his crimes: supplying pounds of illegal drugs. Nothing about "*Booker*" or "*Apprendi*" suggests that Revlett improperly agreed to an unlawfully enhanced or jurisdictionally improper sentence. And requiring a "criminal defendant" such as Revlett to "serv[e] the duration of a lawfully imposed sentence [] is not compelling." *McCall*, --- F.4th ----, 2022 WL 17843865, at *7.

### B. Section 3553(a) Factors

Even if Revlett had presented an extraordinary and compelling reason, release still would be unwarranted under the § 3553(a) sentencing factors. His motion doesn't discuss those factors at all, let alone give a "compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Sherwood*, 986 F.3d at 954. So Revlett necessarily fails to "persuade the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, --- F.4th ----, 2022 WL 17843865, at *4.

At any rate, the "relevant" § 3553(a) factors weigh against Revlett's release. *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020) (court needn't "specifically articulate its analysis of every single § 3553(a) factor" (cleaned up)).

*First*, the nature and circumstances of Revlett's offense counsel against a reduced sentence. According to the PSR, to which Revlett apparently did not object, he was no small-time drug dealer. A confidential informant tipped law-enforcement

officers that Revlett had been selling between 30 to 40 pounds of methamphetamine per month. PSR at 6. Officers then searched Revlett's residence and trailer. They found seven pounds of methamphetamine, approximately $60,000 in cash, drug paraphernalia, and shotgun shells. *Id.* at 7. Revlett explained that he would mail money to Arizona and later receive methamphetamine shipments. *Id.* The Court ultimately held him responsible for four pounds of actual methamphetamine and four kilograms of a mixture of methamphetamine. *Id.* The circumstances of Revlett's offense indicate high-level involvement in distributing large amounts of dangerous drugs. This is serious criminal conduct that doesn't suggest early release.

*Second*, Revlett's history and characteristics also weigh against a sentence reduction. His criminal history dates back to at least 1977, when he was found guilty of burglary and possessing concealed weapons (steel knuckles). *Id.* at 10. And his drug-dealing dates back more than thirty years: Revlett pled guilty to trafficking in methamphetamine and other drugs in 1989, and engaged in similar criminal activity between that conviction and the prosecution he now challenges. *Id.* at 11–15. Revlett's long criminal history gives the Court little reason to discount the chance that he would revert to the same conduct if he's released early.

*Third*, releasing Revlett would "fail to reflect the seriousness of his offense, promote respect for the law, and provide just punishment for his offense." *United States v. Thomas*, No. 3:12-CR-119, 2022 WL 1421849, at *3 (W.D. Ky. May 5, 2022); § 3553(a)(2)(A). Conspiracy to distribute and possessing with the intent to distribute such large quantities of methamphetamine plainly are serious crimes that can destroy lives, families, and communities. As noted above, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Revlett to 180 months' imprisonment. This is significantly less time than his guideline range of 292 to 365 months. And he still has nearly a decade of his sentence left to serve. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2022). Revlett's projected release date is in November 2032.

That so much of Revlett's already below-guideline sentence remains counsels against his release. Discharging Revlett's sentence would disrespect the rule of law, suggest that his offense is insignificant, and fail to afford adequate deterrence. § 3553(a)(2)(A)–(B); *Thomas*, 2022 WL 1421849, at *3 (releasing defendants who have served a fraction of their sentence fails to reflect seriousness of offense); *United States v. Jenkins*, No. 17-cr-233, 2022 WL 1136060, at *4 (D.D.C. Apr. 18, 2022) (defendant serving less than half of sentence "would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence" (quotation omitted)). And as illustrated by his criminal record, Revlett's history of recidivism indicates a need to "protect the public from further crimes of the defendant." § 3553(a)(2)(C); *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020) (defendant was a danger to the community because of his criminal record).

All the § 3553(a) factors discussed above caution against reducing Revlett's sentence. And with respect to the other § 3553(a) factors, nothing suggests "why the sentencing court's § 3553(a) analysis" should be any different today. *Sherwood*, 986 F.3d at 954.

## ORDER

The Court denies Revlett's motion for compassionate release (DN 81) and motion to "save [his] life" (DN 91).

Benjamin Beaton, District Judge
United States District Court

January 3, 2023